SHOULTS v. BAKER.

The act of 14th January, 1839, allowing a party to dismiss his suit in vacation, not containing any provision respecting the preservation of the evidence of such dismissal, the circuit courts may provide by rule for the preservation of such evidence. In the absence of any such rule, the entry of the clerk in a book kept by him for that purpose, or on a paper filed in the cause, would be sufficient evidence of such dismissal.

Error to the Circuit Court of Madison county.

HOLDEN for Plaintiff in Error.

BRICKEY for Defendant in Error.

*Opinion of the Court delivered by Tompkins, Judge.*

Baker brought his suit against Shoults before a justice of the peace, when he obtained judgment; and from that judgment Shoults appealed to the circuit court. The court also gave judgment against him; and to reverse its judgment, this writ of error is prosecuted.

Shoults, the plaintiff in error, contends that a former suit was pending for the same cause of action, to wit: the sum of one hundred dollars due on a promissory note, at the time this cause was decided before the circuit court.

It does not appear from the bill of exceptions in the case, that any transcript of the proceedings before the justice of the peace, in the cause charged to be pending, was produced in evidence in the circuit court, to prove the fact. And it was proved by the production of the entry of one of the papers on file in the said cause, that it had been dismissed. The plaintiff in error contends that the entry should have been made on the records of the court.

The act of the 14th of January, 1839, allows any person to dismiss his suit in vacation, but does not direct how the evidence of such dismissal shall be preserved. The circuit court might make a rule for the preservation of the evidence of such dismissal; but it does not appear that any such rule had been made in that court, and in the absence of such rule I cannot conceive any better method the clerk could have

adopted, than that adopted on this occasion. It would seem unnecessary for the clerk to enter his proceedings in the causes during vacation in the same books with those of the court in term time, unless there was some authority conferred either by the statute or by an order of the circuit court.

There appears, then, to be no reason to reverse the judgment of the circuit court, and its judgment is therefore affirmed.

*MAY TERM. 1842.*

*Shoults v. Baker.*

*such rule, the entry of the clerk in a book kept by him for that pur-pose, or on a paper filed in the cause would be sufficient evidence of such dismissal.*